IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,627-01






EX PARTE RAUL FLORES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W97-31172-T (A) IN THE 283rd DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Flores v. State, No. 05-06-00236-CR (Tex. App.-Dallas, delivered October 20,
2006, no pet.).

 Applicant contends that his trial counsel rendered ineffective assistance because he
erroneously assured the Applicant that he "could get him probation by jury." The Applicant alleges
that, as a result of this erroneous advice, he rejected a 5 year plea offer from the State in exchange
for his plea of guilty. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions
of law as to whether it would have accepted the plea offer had it been presented to the court. (1) The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 14, 2012

Do not publish

1. See Lafler v. Cooper, 132 S.Ct. 1376 (2012).